*590 OPINION.
Geeen :
The first issue is as to the residual value of the Atterbury tract after the removal of all of the clay. The respondent adheres to his original valuation of $6,375 and the petitioner contends that after the clay has been removed the tract will be practically worthless. The evidence convinces us that the contention of neither party is correct as to the residual value of the property. Confronted with this situation, we have weighed the evidence — meager and conflicting as it is — and fixed a value of $3,000.
The respondent reduced petitioner’s invested capital during the exhaustion of a certain clay bank, by the amount of $9,533.33, which amount equaled the total of the allowances for depletion theretofore made, instead of by the amount of $5,400 which was the actual cost of the exhausted asset. We assume that the discrepancy between the total of the depletion allowances and the cost results from the fact that the March 1, 1913, value of the depleted asset exceeded the cost. We think the Commissioner’s action in this regard is erroneous. In computing invested capital, this asset was, during its existence, properly included at its cost and there is no reason upon its exhaustion for reducing invested capital by more than this amount. In the case of assets acquired prior to March 1, 1913, depletion for invested capital purposes and depletion for the purpose of computing the annual deduction from income may be two totally different *591 things and should never be confused. We take it that the respondent would not contend, if the depletion allowances were less than cost, that the invested capital should be reduced only by the amount of such depletion allowances. This is but another example of fact that the computation of invested capital may not be made to depend entirely upon the theory of the income-tax statutes.
With reference to the third issue in this proceeding, it would appear that additional stock was issued; a portion, it is now contended, was properly issued for assets which were acquired by the petitioner from two< of its stockholders without compensation. The records of the petitioner corporation clearly indicate that the additional stock was issued for a totally different purpose. Nor are we satisfied that the stockholders in fact contributed property worth $2,300 in addition to that for which stock had been theretofore issued. Under such circumstances we must affirm the Commissioner.

Judgment will be entered on IB days' notice, under Rule 50.

Considered by Sternhagen and Arundeel.